IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CIPRIANO SANCHEZ, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:12-CV-5120-L |
| | § | |
| | § | |
| FLAGSTAR BANK FSB, et al., | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference* (Doc. 8), Defendants' *Motion to Dismiss* (Doc. 6) is before this Court for a recommendation. Plaintiffs originally filed this action in state court, alleging that Defendants lacked authority to foreclose on their home and asserting claims of fraud, wrongful debt collection practices, and violations of the Deceptive Trade Practices Act (DTPA). (Doc. 1-5 at *passim*). Defendants removed the case to this Court on December 14, 2012 (Doc. 1), and filed their *Motion to Dismiss* on January 11, 2013. (Doc. 6). Plaintiffs, if they opposed Defendants' motion, were required to file their response by February 1, 2013. *See* N.D. TEX. L.R. 7.1(e) (establishing 21-day deadline for filing responses to motions). To date, Plaintiffs have not responded.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A dismissal without prejudice has the same

effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).

Here, due to Plaintiffs' failure to respond to Defendants' dismissal motion, dismissal without prejudice is appropriate. Moreover, under the statute of limitations, Plaintiffs' right to bring their wrongful foreclosure and fraud claims do not appear to expire until 2016. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4-5) (noting a four-year statute of limitations for fraud); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex. App. — Dallas, 2004) (noting a four-year statute of limitations for wrongful foreclosure claims). It also appears that Plaintiffs have until 2014 to re-file their claims under the DTPA and for wrongful debt collection practices. TEX. BUS. & COM. CODE § 17.565 (noting a two-year statute of limitations for actions brought under the DTPA). Thus, dismissal of these claims without prejudice will not unfairly affect Plaintiff's legal interests.

Accordingly, the District Court should dismiss this action against Defendants without prejudice for lack of prosecution.

**SO RECOMMENDED** on June 7, 2013.

*/s/ Renee Harris Toliver*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE